C. C. PARKS, Appellee, v. I. N. WOODS, Appellant.

Action on Promissory Note: PARTIAL PAYMENTS: EVIDENCE.

*Appeal from Dallas District Court.*—HON. J. H. APPLEGATE, Judge.

FRIDAY, OCTOBER 13, 1893.

ACTION on a promissory note. There was a verdict and judgment for the plaintiff, from which the defendant appeals.—*Affirmed.*

*Shortley & Harpel,* for appellant.

*Cardell & Nichols,* for appellee.

KINNE, J.—I. The plaintiff's action is on a promissory note, dated January 1, 1874, for seventy-eight dollars and eighteen cents, drawing eight per cent. interest, and due four months after date. November 10, 1876, there was an indorsement of thirty-three dollars and fifty cents made on the note. The plaintiff pleaded and established facts which showed that within ten years prior to the commencement of this suit the defendant had, in writing, acknowledged his indebtedness upon said note, and agreed to pay the same. The defendant denied all the allegations in the petition, and pleaded the statute of limitations. In a further answer

he denied the execution of the note, and averred that on January 1, 1873, he executed and delivered to the plaintiff his promissory note, which was identical with the note declared upon in the petition, except the date thereof. Averred that after he executed and delivered said note to the plaintiff, said plaintiff maliciously altered the same, and changed the date thereof from 1873 to 1874, and also altered the date of the indorsement thereon from 1874 to 1875. He also pleads that the "note referred to herein as executed in 1873" should have credited thereon forty-one dollars of date of June, 1873, and thirty-six dollars and thirty-five cents as of date October 13, 1874. The cause was tried to a jury, and a verdict rendered for the plaintiff for one hundred and thirty dollars and fifty cents, the amount claimed by the plaintiff to be due. Judgment was entered upon the verdict, and the defendant appeals.

II. The only question presented by the record arises upon the giving of the fifth instruction by the court to the jury. In it the court said to the jury: *"Fifth.* If you find from the evidence in this case that the note in suit was executed by the defendant on the first day of January, 1874, and you further find that since the execution of said note, and within the ten years prior to the bringing of this suit, the defendant, in writing, acknowledged indebtedness due from him to the plaintiff, then and in that event your verdict should be for the full amount due upon said note, after allowing the credit indorsed on the back thereof." The jury were also instructed, if they found the note was executed January 1, 1873, and the plaintiff had not altered or changed its date, and the defendant, in writing, had within ten years just prior to the bringing of this action acknowledged himself indebted to the plaintiff upon said note, to find for the plaintiff for the amount due upon said note, less the credit indorsed thereon, together with such other sums as the testimony showed the defendant had paid thereon. The complaint is that the court erred in virtually instructing the jury that, if the note sued on was executed in 1874, they could not allow the defendant's claimed credit of forty-one dollars of date of June, 1873.

We think, under all the facts disclosed by this record, the instruction was warranted. The defendant denied in his answer and on the witness stand that he had given a note to the plaintiff in 1874. His testimony touching this matter was so positive as to leave no ground for a claim that he was in doubt as to the date of the note he had given. The note in suit was so worn that it only showed in the date line the figures "187 ." The plaintiff introduced evidence showing the note bore date January 1, 1874. The defendant introduced evidence showing the note was dated in 1873, and denied giving the plaintiff a note in 1874. He also showed that in the summer of 1873, the plaintiff purchased from him a heifer and cow for forty-one dollars, which amount the plaintiff agreed to credit upon said note, and had failed so to do. From the evidence it appears that the parties had had dealings in 1874, and prior to that time, as far back as 1871, during which time the defendant had executed several notes to the plaintiff, had from time to time made payments thereon, and then gave new notes for the balance remaining due, including what he at the time owed the

plaintiff on book account. It appears also that settlements were had between them at the beginning of each year. Now, it is clear that if the note sued upon was executed, as the jury must have found, in 1874, the credit which the defendant claims he was entitled to as of date of June, 1873, must have been upon some note other than the one in suit. Now, the defendant in his answer does not claim a credit of forty-one dollars on a note executed in 1874. He says it was on a note executed in 1873. As the jury found this note was executed in 1874, and as the credit claimed was for property sold the plaintiff several months prior to the time the note in suit was in fact executed, it is clear that the credit was not to be made upon the note in suit, but on a prior note. There was no error in the giving of the instruction. AFFIRMED.